## IN THE BUTLER COUNTY, OHIO PROBATE COURT
### BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| MARCELINA CABRALES, ADMINISTRATOR OF THE ESTATE OF ANGEL LUIS GUZMAN,  AKA, ANGEL GUZMAN, AKA, ANGEL L. GUZMAN, DECEASED 910 Kensington Street Middletown, Ohio 45044 | * * * * * | CASE NO.  PC-15-07-0035 JUDGE:  RANDY T. ROGERS |
| **Plaintiff** | * | |
| -vs- | | |
| SANDRA K. DAWS 9140 Dayton Oxford Road Franklin, Ohio 45005 | * * | |
| and | * | |
| WELLS FARGO Institutional Retirement and Trust 2700 Snelling Avenue North, Suite 300 Roseville, Minnesota 55113 | * * * * | **AMENDED COMPLAINT UNDER R.C. §2109.50 FOR CONCEALMENT, EMBEZZLEMENT, CONVEYED AWAY OR BEING IN POSSESSION OF ANY ASSETS OF THE ESTATE OF ANGEL LUIS GUZMAN** |
| and | * | |
| VEOLIA NORTH AMERICA, LLC c/o Joseph E. Conley Jr. Raines, Buechel, Conley & Dusing PLLC 6900 Houston Road, Suite 43 Florence, Kentucky 41042 | * * * * | **AMENDED COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND FOR DECLARATORY JUDGEMENT** |
| and | * | |
| THE VANGUARD GROUP, INC. c/o Gregory R. Barton, President 100 Vanguard Blvd. Malvern, Pennsylvania 19355 | * * | |
| **Defendants** | | |

COMES NOW, Marcelina Cabrales, Administrator of the Estate of Angel Luis Guzman, AKA, Angel Guzman, AKA Angel L. Guzman, deceased, and for her Amended Complaint against Sandra K. Daws, Wells Fargo, Veolia North America, LLC, and The Vanguard Group, Inc. under §2109.50 for concealment, embezzlement, conveyed away or being in possession of any assets of Angel Luis Guzman and/or his Estate, for breach of fiduciary duty as holder of a power of attorney, and for Declaratory Judgment.

## STATEMENT OF FACTS

1. Angel Luis Guzman (hereinafter the "Decedent"), born XX/XX/55 and died August 30, 2013 at 3:26 P.M., as a result of a sickness which resulted in many months of hospitalization and care. The Decedent ultimately died of Sepsis, Endocarditis, and Renal Failure. A copy of the death certificate is attached hereto and incorporated as Exhibit "A".

2. Decedent did not execute a Last Will and Testament in which the Administrator has possession and all avenues to determine if a Will was ever executed have been exhausted.

3. From all accounts it is believed that the Decedent was confined to his home for some time due to his deteriorating health.

4. The Defendant, Sandra K. Daws, although unclear at this point the details of her relationship with the Decedent, frequently assisted the Decedent with his medical care as a caretaker, although it has yet to be determined if this assistance was performed in the capacity of a hired caretaker or Nurse, or through a personal relationship with the Decedent.

5. The Defendant, Sandra K. Daws is a Licensed Practical Nurse in the State of Ohio, her license number with the Ohio Board of Nursing being PN.XXXXXX-M-IV.

6. On August 9, 2013, the Defendant, Sandra K. Daws, had the Decedent execute a Power of Attorney appointing the Defendant, Sandra K. Daws, as his Attorney-In-Fact, and as such the authority to: 1) full transaction of his Veolia Water Retirement Savings Plan (hereinafter the "Retirement Plan"); 2) full transaction of his checking account held by Fifth Third Bank; 3) create or change a beneficiary designation for the Retirement Plan; 4) full access to External Space Storage Locker. A copy of the Power of Attorney is attached hereto and incorporated as Exhibit "B".

7. On or about August 12, 2013, the Defendant, Sandra K. Daws, did knowingly transmit the Statutory Form Power of Attorney to Veolia Water Retirement Savings Plan specifically instructing the Plan Provider, Defendant, Wells Fargo Bank, to change the

beneficiary designation to herself, Sandra Daws. A copy of the Beneficiary Change Form is attached hereto and incorporated as Exhibit "C".

8. Although a current balance for the Decedent's Retirement Plan is unknown, the June 30, 2014 statement from Wells Fargo Bank shows the Retirement Plan with a balance of One Hundred Ninety-One Thousand Ninety-Four and 20/100 Dollars ($191,094.20). A copy of the June 2014, Statement is attached hereto and incorporated as Exhibit "D".

9. Defendant, Wells Fargo Bank, as Plan Provider, changed the beneficiary designation per the instruction of the Defendant, Sandra K. Daws, to herself, and opened a new account under the Defendant, Sandra K. Daws' name and transferred the monies from the Retirement Plan into said account.

10. Plaintiff, Marcelina Cabrales, Administrator of the Estate of Angel Luis Guzman, AKA, Angel Guzman, AKA Angel L. Guzman, deceased, was appointed Administrator of the Decedent's Estate (hereinafter the "Estate"), on December 3, 2013, in the Butler County Probate Court, PE13-11-1169.

11. In an attempt to locate the Estate assets, the Estate had previously requested any information or documents possessed related to the Estate's assets or their whereabouts from the Defendants. Despite this request, the Defendant, Sandra K. Daws, has failed to reveal the Decedent's assets including, the Statutory Power of Attorney and any property that was transferred to the Defendant and the assets removed from the Storage Locker. Defendant, Sandra K. Daws, has also refused to supply any pertinent information regarding the nature and origin of her relationship with the Decedent, including, any aliases under which the Defendant, Sandra K. Daws, may have conducted business and whether the Defendant, Sandra K. Daws, was employed when introduced to the Decedent.

12. Based upon the knowledge available to it, the Estate believes the Defendant, Sandra K. Daws, declined to willingly produce information she possessed in an attempt to obstruct the discovery of the Decedent's assets.

13. On multiple occasions the Estate attempted to acquire copies of the material used to secure changes to beneficiary designations, and any documents held for the Decedent, which may have led to the Decedent's assets.

14. Despite the written request for a copy of the Power of Attorney used to alter the Decedent's beneficiary designation, no response has been received by the Defendant, Sandra K. Daws.

15. The Estate received a letter from Rupert E. Ruppert, Attorney, which the Defendant, Sandra K. Daws, allegedly consulted for advice on this matter. A copy of the letter is attached hereto and incorporated as Exhibit "E".

16. The Estate for more than a year has attempted to resolve the change in beneficiary issue. Defendants have been specifically requested by Plaintiff to deposit the Decedents' funds into an account in the Estate's name, but have been unsuccessful.

17. Defendant, The Vanguard Group, Inc., based upon knowledge and belief and information by third parties, is now believed to have possession of the Retirement Plan funds. The Estate was unaware until recently of the transfer of the Retirement Plan funds from Defendant, Wells Fargo, to Defendant, The Vanguard Group, Inc., resulting in the necessity for this Amended Complaint.

18. The Retirement Plan may contain the only remaining assets of the Decedent prior to the Defendant, Sandra K. Daws, coordinating and administrating the changing of beneficiary designation.

19. The Defendant, Sandra K. Daws, based upon knowledge and belief and information by third parties, is also believed to have altered a beneficiary designation on a life insurance policy in the Decedent's name; however, the Estate does not have adequate information at this time to verify this claim.

## JURISDICTION

20. The Probate Court has jurisdiction over an action brought pursuant to R.C. §2109.50.

21. The Probate Court has jurisdiction over an action brought against an individual for concealment or embezzlement of assets withdrawn by a power of attorney under R.C §2101.24(b)(i)(b).

22. The Probate Court has jurisdiction over a declaratory action under R.C. §2721.05(c).

23. The Probate Court has jurisdiction over the Defendants because Butler County, Ohio is where the Defendants conduct business and the Decedent's Estate proceedings are located.

## COUNT ONE

24. Plaintiff hereby incorporates herein by reference the foregoing paragraphs of this Amended Complaint as if fully rewritten.

25. Count One herein, and states further that the Decedent died with an estimated One Hundred Ninety-One Thousand Ninety-Four and 20/100 Dollars ($191,094.20), on deposit and titled in his name at Wells Fargo Bank, Account Number/Policy Number XXXX5904.

26. Plaintiff suspects Defendant, Sandra K. Daws, wrongfully took possession of $191,094.20, which was on deposit with Defendant Wells Fargo Bank as Plan Provider for Veolia Water Retirement Savings Plan, and has further acted in concealing, embezzling or otherwise conveying away or of being and having been in possession of Estate assets.

27. Despite Plaintiff's attempt to ascertain whether this transaction was permissible by seeking a copy of the Power of Attorney, the Defendant, Sandra K. Daws has chosen not to respond to Plaintiff's inquiry, and the Plaintiff was forced to issue a subpoena duces tecum to Defendant Wells Fargo Bank on multiple occasions to receive information regarding the change of beneficiary designation.

28. Under R.C. §2109.50, Plaintiff seeks for the Defendants to come forward and under oath state under what authority the funds were withdrawn, the authority to change the beneficiary designation, where the funds presently rest, what the funds may have been used for, and why Defendant, Sandra K. Daws, has not revealed the whereabouts of the funds.

29. Plaintiff demands the Defendants return the funds to the Estate, which were wrongfully removed from the Decedent's Veolia Water Savings Plan in the amount of no less than $191,094.20, pay interest in the amount of ten (10%) percent since the date of transfer from the Decedent's account to Defendant, Sandra K. Daws, account, and pay for attorney fees incurred to reacquire the funds removed impermissibly, removed or concealed.

30. WHEREFORE, Plaintiff further demands the Defendants come forth and present an original copy of the Power of Attorney used to withdraw the Decedent's funds, as well as, any further documentation or information she retains regarding Estate assets, their possible location and/or exhaustion.

## COUNT TWO

31. Plaintiff hereby incorporates herein by reference the foregoing paragraphs of this Amended Complaint as if fully rewritten.

32. Count Two herein, and states further the Defendants were not authorized to withdraw or change said beneficiary funds from the Retirement Plan as she knew or should have known that the Power of Attorney executed by the decedent did not lawfully allow self-dealing.

33. The Plaintiff alleges that the Decedent was not competent to execute the Power of Attorney, the Power of Attorney displays writing highly indicative incompetency leading the Plaintiff to conclude that the Decedent was not competent to lawfully execute the Power of Attorney. Additionally, it is alleged and can be inferred that the Power of Attorney was filled out by the Defendant, Sandra K. Daws, individually, in the sense that there is noticeable difference in the hand writing of instructions on the Power of Attorney versus the very illegible alleged signature of the Decedent.

34. Plaintiff demands the Defendants return the funds to the Estate, which were wrongfully removed from the Decedent's account in the amount of no less than $191,094.20, pay interest in the amount of ten (10%) percent since the date of transfer from the Decedent, Angel Luis Guzman's account to her account, and pay for attorney fees incurred to reacquire the funds removed impermissibly, removed or concealed.

## COUNT THREE

35. Plaintiff hereby incorporates herein by reference the foregoing paragraphs of this Amended Complaint as if fully rewritten.

36. Count Three herein, and states that if a Power of Attorney does exist the Defendant, Sandra K. Daws, exceeded its mandate by gifting to herself or others, thus constituting self-dealing and a breach of her fiduciary duty. Furthermore, it is alleged that Defendant, Sandra K. Daws, obtained the Power of Attorney under undue influence, duress, coercion, and/or the Decedent was not competent to execute it.

37. The Defendant donee, Sandra K. Daws, was the Decedent's apparent caretaker, thereby making the transfer to the Defendant donee, Sandra K. Daws, as a result of the Power of Attorney suspicious of undue influence.

38. Defendant, Sandra K. Daws, must prove that Decedent acted free of undue influence, duress, coercion, and was competent to make such decision with a full understanding of his act and consequences.

39. If Defendant, Sandra K. Daws, cannot rebut the claims in Count Three, she must return the funds improperly acquired in the amount no less than $191,094.20, pay interest in the amount of ten (10%) percent since the date of transfer from the Decedent, Angel Luis Guzman's account to her account, and pay for attorney fees incurred to reacquire the funds removed impermissibly, removed or concealed.

## **COUNT FOUR**

40. Plaintiff hereby incorporates herein by reference the foregoing paragraphs of this Amended Complaint as if fully rewritten.

41. Count Four herein, and states further that Plaintiff is entitled to a Declaratory Judgment by this Court ordering any assets adjudged as part of the Estate including the $191,094.20 impermissibly removed, declared part of the Estate.

## **COUNT FIVE**

42. Counts 1-4 are specifically alleged towards Defendant, Sandra K. Daws, however, Defendant, Wells Fargo, is a necessary and interested party by virtue of the Plaintiff's belief that they at one time held the funds in dispute in this case. Defendant, The Vanguard Group, Inc., is a necessary and interested party, because Defendant, Wells Fargo, has alleged that The Vanguard Group, Inc. now holds the funds in dispute in this case. Furthermore, Defendant, Veolia North America, LLC, is also a necessary and interested party, because Wells Fargo has alleged that Defendant, Veolia North America, LLC, controls transference of the funds within the Veolia Water Savings Plan.

**WHEREFORE,** Plaintiff requests this Court by citation, attachment, or warrant compel Defendants, Sandra K. Daws, Wells Fargo, Veolia North America, LLC, and The Vanguard Group, Inc., appear before this Court and to be examined under oath touching all matter of the Amended Complaint.

**WHEREFORE,** Plaintiff requests this Court by citation, attachment, or warrant compel the Defendants, Sandra K. Daws, Wells Fargo, Veolia North America, LLC, and The Vanguard Group, Inc., to bring before this Court the following pertaining to the Descendent: any original Power of Attorney executed by the Decedent and specifically the Power of Attorney the Defendant used to alter or modify the beneficiary designations of the Veolia Water Retirement Savings Plan, bank statements for the Defendant, Sandra K. Daws, any paid invoices on behalf of the Decedent, any real property transfers conducted under the Power of Attorney, any personal property transfers conducted under the Power of Attorney, a list and documentation of

all the material that the Defendant, Sandra K. Daws, is alleged to remove from the Storage and Lock facility that possessed the Decedent's personal property.

**WHEREFORE,** Plaintiff requests this Court issue a judgment in favor of the Plaintiff and against the Defendants ordering the Defendants, Sandra K, Daws, Wells Fargo, Veolia North America, LLC, and The Vanguard Group, Inc., return any and all property belonging to the Estate or a money judgment in the amount equivalent to the value of the property impermissibly removed from the Estate.

**WHEREFORE,** Plaintiff requests this Court issue a Declaratory Judgment in favor of the Plaintiff, retitling the Veolia Water Retirement Savings Plan in the name of the Estate.

**WHEREFORE,** Plaintiff requests this Court issue a judgment in favor of the Plaintiff and against the Defendant, Sandra K. Daws, for breach of her fiduciary duties.

**WHEREFORE,** Plaintiff requests this Court issue a judgment in favor of the Plaintiff and against the Defendant, Sandra K. Daws, for the costs of this action, order the return the funds to the Estate from the Decedent's Veolia Water Savings Plan in the amount of no less than $191,094.20, pay interest in the amount of ten (10%) percent since the date of transfer from the Decedent, Angel Luis Guzman's account to her account, and pay for attorney fees incurred to reacquire the funds removed impermissibly, removed or concealed, and for any other lawful remedy available.

Respectfully submitted,

COMBS, SCHAEFER, ATKINS, & LITTLE

*/s/ Nathan M. Little*

By:_____

NATHAN M. LITTLE (0085277)
1081 N. University Blvd., Suite B
Middletown, Ohio 45042
(p) 513.424.1660
(f) 513.424.7467
nlittle@middletownlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Court's Case Management/Electronic Case Files (CM/ECF) docketing system on this 22nd day of September, 2015. Notice of this filing will be sent by operation of the CM/ECF system. Parties may access this filing through the CM/ECF system. Parties notified electronically via the Court's Case Management/Electronic Case Files (CM/ECF) docketing system are as follows: Joseph E. Conley Jr., jconley@rbcdlaw.com, Amanda A. Sonneborn, asonneborn@seyfarth.com, Christopher M. Busey, cbusey@seyfarth.com, Attorneys for Defendant, Veolia North America, LLC, and Thomas G. Eagle, eaglelawoffice@cs.com, Attorney for Defendant, Sandra K. Daws.

COMBS, SCHAEFER, ATKINS, & LITTLE

*/s/ Nathan M. Little*

By:_____
NATHAN M. LITTLE (0085277)
Attorney for Plaintiff

VERIFY PRESENCE OF DPI WATERMARK    HOLD TO LIGHT TO VIEW

Reg. Dist. No.    57      Ohio Department of Health
Primary Reg. Dist. No.   5703      **VITAL STATISTICS**
Registrar's No. 5700-2013004729    **CERTIFICATE OF DEATH**     State File No. 2013076506

Type or print in permanent blue or black ink

**DECEDENT**

| 1. Decedent's Legal Name (Include AKA's if any)(First, Middle, LAST, suffix) ANGEL LUIS GUZMAN | | | | 2. Sex Male | 3. Date of Death (Mo/Day/Year) August 30, 2013 |

4. Social Security Number | 5a. Age (Years) 58 | 5b. Under 1 Year Months / Days | 5c. Under 1 day Hours / Minutes | 6. Date of Birth (Mo/Day/Year) ' 55 | 7. Birthplace (City and State or Foreign Country) PUERTO RICO

8a. Residence State OHIO | 8b. County BUTLER | 8c. City or Town MIDDLETOWN
8d. Street and Number 4015 Roosevelt Blvd. | 8e. Apt. No. A | 8f. Zipcode 45044 | 8g. Inside City Limits? Yes

9. Ever in US Armed Forces? No | 10. Marital Status at Time of Death Divorced (and not remarried) | 11. Surviving Spouse's Name (if wife, give name prior to first marriage)

12. Decedent's Education COLLEGE, BUT NO DEGREE | 13. Decedent of Hispanic Origin Yes - Puerto Rican | 14. Decedent's Race Other - PUERTO RICAN

15. Father's Name FELIX GUZMAN | 16. Mother's Name (prior to first marriage) MARIA RODRIGUEZ
17a. Informant's Name SANDY DAVIS | 17b. Relationship to Decedent Friend | 17c. Mailing Address (Street and Number, City, State, Zip Code) 9140 Dayton-Oxford Rd.

**DISPOSITION**

18a. Place of Death Hospital - Inpatient | | FRANKLIN, OHIO 45005
18b. Facility Name (if not Institution, give street & number) LIFE CARE HOSPITALS OF DAYTON | 18c. City or Town, State and Zip Code MIAMISBURG, OH 45342 | 18d. County of Death MONTGOMERY

19. Signature of Funeral Service Licensee or Other Agent | 20. License Number (of licensee) 008276 | 21. Name and Complete Address of Funeral Facility NEWCOMER FUNERAL HOME AND CREMATORY (CREMATION CHAPEL)
22a. Method of Disposition Cremation | 22b. Date of Disposition September 14, 2013 |
22c. Place of Disposition (Name of Cemetery, Crematory, or other place) Newcomer Crematory | 22d. Location (City/Town and State) KETTERING, OH | 3940 KETTERING BLVD KETTERING, OH 45439

**REGISTRAR**

23. Registrar's Signature JANE JORDAN | 24. Date Filed 9/13/2013
25a. Name of Person Issuing Burial Permit JORDAN, ROY | 25b. District No. 5700 | 25c. Date Burial Permit Issued 9/13/2013
26a. Certifier (Check only one) | [X] Certifying Physician ... [ ] Coroner ...

**CERTIFIER**

26d. Time of Death 0326 | 26c. Date Pronounced Dead (Mo/Day/Year) 8-30-2013 | 26f. Was case referred to coroner? No
26e. Signature and Title of Certifier | 26f. License Number 35.079166 | 26g. Date Signed 9/13/13

27. Name (Last, First, Middle) and Address of Person who Completed Cause of Death AHMAD, ANJAK, 231 Albert Sabin Way MLC 0542 CINCINNATI, OH 45267

**CAUSE OF DEATH**

28. Part I. Enter the disease, injuries, or complications that caused the death. Do not enter the mode of dying, such as cardiac or respiratory arrest, shock, or heart failure. List only one cause on each line. Type or print in permanent blue or black ink. | | Approximate Interval Between Onset and Death

Immediate Cause (Final disease or condition resulting in death) a. Sepsis

Sequentially list conditions, if any, leading to immediate cause. b. Due to (or as Consequence of): Endocarditis

Enter Underlying Cause (Disease or injury that initiated events resulting in death) c. Due to (or as Consequence of): Renal Failure

d. Due to (or as Consequence of):

Part II. Other significant conditions contributing to death but not resulting in the underlying cause given in Part I. | 23a. Was An Autopsy Performed? [ ] Yes [X] No | 29b. Were Autopsy Findings Available Prior To Completion Of Cause of Death? [ ] Yes [ ] No [ ] Not Applicable

30. Did Tobacco Use Contribute to Death? [ ] Yes [X] Unknown [ ] No [ ] Probably | 31. If Female, Pregnancy Status [ ] Not pregnant within past year [ ] Pregnant at time of death [ ] Not pregnant, but pregnant within 42 days of death [ ] Not pregnant, but pregnant 43 days to 1 year before death [ ] Unknown if pregnant within the past year | 32. Manner of Death [X] Natural [ ] Accident [ ] Suicide [ ] Homicide [ ] Pending Investigation [ ] Could not be determined

33a. Date of Injury (Mo/Day/Year) | 33b. Time of Injury | 33c. Place of Injury (e.g., Decedent's home, construction site, restaurant, wooded area) | 33d. Injury at Work? [ ] Yes [ ] No

33e. Location of Injury (Street and Number and Rural Route Number, City or Town, State)

33f. Describe How Injury Occurred: | 33g. If Transportation Injury, Specify: [ ] Driver/Operator [ ] Pedestrian [ ] Passenger [ ] Other:

HEA 2734 Rev. 01/07

I HEREBY CERTIFY THIS DOCUMENT IS AN EXACT COPY OF THE RECORD ON FILE WITH THE OHIO DEPARTMENT OF HEALTH.

SP 13 13005952

ROY E. JORDAN LOCAL REGISTRAR
CENTER FOR VITAL STATISTICS
WARREN CO. COMBINED HEALTH



**PLAINTIFF'S EXHIBIT A**

VERIFY PRESENCE OF DPI WATERMARK    HOLD TO LIGHT TO VIEW

# STATE OF OHIO
## STATUTORY FORM POWER OF ATTORNEY

IMPORTANT INFORMATION

1) This power of attorney authorizes another person (your agent) to make decisions concerning your property for you (the principal). Your agent will be able to make decisions and act with respect to your property (including your money) whether or not you are able to act for yourself. The meaning of authority over subjects listed on this form is explained in the Uniform Power of Attorney Act (sections 1337.21 to 1337.64 of the Revised Code).

2) This power of attorney does not authorize the agent to make health-care decisions for you.

3) You should select someone you trust to serve as your agent. Unless you specify otherwise, generally the agent's authority will continue until you die or revoke the power of attorney or the agent resigns or is unable to act for you.

4) Your agent is entitled to reasonable compensation unless you state otherwise in the Special Instructions.

5) This form provides for designation of one agent. If you wish to name more than one agent you may name a coagent in the Special Instructions. Coagents are not required to act together unless you include that requirement in the Special Instructions.

6) If your agent is unable or unwilling to act for you, your power of attorney will end unless you have named a successor agent. You may also name a second successor agent.

7) This power of attorney becomes effective immediately unless you state otherwise in the Special Instructions.

State of Ohio – Statutory Form Power of Attorney



PLAINTIFF'S EXHIBIT
B

## ACTIONS REQUIRING EXPRESS AUTHORITY

Unless expressly authorized and initialed by me in the Special Instructions, this power of attorney does not grant authority to my agent to do any of the following:

(1) Create a trust;
(2) Amend, revoke, or terminate an inter vivos trust, even if specific authority to do so is granted to the agent in the trust agreement;
(3) Make a gift;
(4) Create or change rights of survivorship;
(5) Create or change a beneficiary designation;
(6) Delegate authority granted under the power of attorney;
(7) Waive the principal's right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan;
(8) Exercise fiduciary powers that the principal has authority to delegate.

CAUTION: Granting any of the above eight powers will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death.

If you have questions about the power of attorney or the authority you are granting to your agent, you should seek legal advice before signing this form.

# STATE OF OHIO
## STATUTORY FORM POWER OF ATTORNEY

**DESIGNATION OF AGENT**

I, _Angel Guzman_ name the
following person as my agent:

Name of Agent: _Sandra K Daws_

Agent's Address: _9140 Dayton Oxford Rd Franklin Ohio 45005_

Agent's Telephone Number: ( _937_ ) _684-68166_

**DESIGNATION OF SUCCESSOR AGENT(S) (OPTIONAL)**

If my agent is unable or unwilling to act for me, I name as my successor agent:

Name of Successor Agent: _____

Successor Agent's Address: _____

Successor Agent's Telephone Number: (_____) _____

If my successor agent is unable or unwilling to act for me, I name as my second successor agent:

Name of Second Successor Agent: _____

Second Successor Agent's Address: _____

Second Successor Agent's Telephone Number: (_____) _____

AUG-12-2013 12:09    From:9373881999                                    Page:5/8

## GRANT OF GENERAL AUTHORITY

I grant my agent and any successor agent general authority to act for me with respect to the following subjects as defined in the Uniform Power of Attorney Act (sections 1337.21 to 1337.64 of the Revised Code):

(INITIAL each subject you want to include in the agent's general authority. If you wish to grant general authority over all of the subjects you may initial "All Preceding Subjects" instead of initialing each subject.)

_____ Real Property

_____ Tangible Personal Property

_____ Stocks and Bonds

_____ Commodities and Options

_____ Banks and Other Financial Institutions

_____ Operation of Entity or Business

_____ Insurance and Annuities

_____ Estates, Trusts, and Other Beneficial Interests

_____ Claims and Litigation

_____ Personal and Family Maintenance

_____ Benefits from Governmental Programs or Civil or Military Service

_____ Retirement Plans

_____ Taxes

_____ All Preceding Subjects

## LIMITATION ON AGENT'S AUTHORITY

An agent that is not my ancestor, spouse, or descendant MAY NOT use my property to benefit the agent or a person to whom the agent owes an obligation of support unless I have included that authority in the Special Instructions.

## SPECIAL INSTRUCTIONS (OPTIONAL)

You may give special instructions on the following lines:

Full Transaction to Veolia Water Retirement
Savings Plan
Full Transaction to Checking Account to
Fifth Third Bank
Create or change a beneficiary designation
to Veolia Water Retirement Savings Plan
Full access to Extra space Storage Locker

## EFFECTIVE DATE

This power of attorney is effective immediately unless I have stated otherwise in the Special Instructions.

## NOMINATION OF GUARDIAN (OPTIONAL)

If it becomes necessary for a court to appoint a guardian of my estate or my person, I nominate the following person(s) for appointment:

Name of Nominee for guardian of my estate: _Sandra W Davis_

Nominee's Address: _9140 Dayton Oxford Rd Franklin OH 45005_

Nominee's Telephone Number: (_937_) _684-6866_

Name of Nominee for guardian of my person: _Sandra K Davis_

Nominee's Address: _9140 Dayton Oxford Rd Franklin OH 45005_

Nominee's Telephone Number: (_937_) _684-6866_

## RELIANCE ON THIS POWER OF ATTORNEY

Any person, including my agent, may rely upon the validity of this power of attorney or a copy of it unless that person knows it has terminated or is invalid.

## SIGNATURE AND ACKNOWLEDGMENT

_[signature]_                              Date _8/9/13_
Your Signature

_Angel Guzman_
Your Name Printed

_4015 Roosevelt Blvd Apt A  Middletown OH 45044_
Your Address

(_513_) _435-3550_
Your Telephone Number

**STATE OF OHIO**
**COUNTY OF** ___Warren___

This document was acknowledged before me on _____8-9-13_____ (Date),

by ___Angel   Guzman___ (Name of Principal).

___Patrica M. Woodyeard___
Signature of Notary

My commission expires:
_____3/08/2017_____

PATRICIA M WOODGEARD, Notary Public
in and for the State of Ohio
My Commission Expires Mar. 8, 2017

This document prepared by:

___Angel Guzman___

___Patrica woodgeard___

___Sandra K Davis___

_____

_____

_____

State of Ohio – Statutory Form Power of Attorney                              7 | P a g e

# Beneficiary Setup, Instructions to Wells Fargo



Please complete this form for Wells Fargo to create a beneficiary account and send out appropriate mailings. If the deceased participant had a loan, the loan will be defaulted prior to moving funds into the beneficiary accounts. Taxation on any defaulted loan will be assigned to the deceased participant. If you have any questions about the completion of this form, please call your client account manager.

## Plan Information

| Plan Name: Veolia Water Retirement Savings Plan | Plan Number: ·5904 |
|---|---|

## Participant Information

Copy of death certificate must be submitted with this form.

| Name: Angel Guzman | Social Security Number: ███████ | Date of Death: 8/30/2013 |
|---|---|---|

## Beneficiary Information

You can designate up to four beneficiaries on this form. If you have more than 4 beneficiaries, please attach additional forms.

Funds are invested in the same manner as the deceased participant's current investment elections.

If a beneficiary is a minor, provide legal guardian information in the Special Instructions section.

### Beneficiary #1

| Name: Sandra Daws | ☐ Individual ☐ Minor ☐ Trust<br>☐ Estate ☐ Church ☒ Other | SSN or TIN: | Date of Birth:<br>67 |
|---|---|---|---|
| Address (if foreign, enter entire address here):<br>9140 Dayton Oxford Rd | | City:<br>Franklin | State: OH  ZIP: 45005 |
| Relationship to Participant:<br>POA | | Percent to Segregate:<br>100% (100% if sole beneficiary) | |

### Beneficiary #2

| Name: | ☐ Individual ☐ Minor ☐ Trust<br>☐ Estate ☐ Church ☐ Other | SSN or TIN: | Date of Birth: |
|---|---|---|---|
| Address (if foreign, enter entire address here): | | City: | State:  ZIP: |
| Relationship to Participant: | | Percent to Segregate:<br>% (100% if sole beneficiary) | |



| Participant Name: Angel Guzman | Plan Name: Veolia Water Retirement Savings Plan | Plan Number: WF535904 |
|---|---|---|

## Beneficiary #3

| Name: | ☐ Individual ☐ Minor ☐ Trust ☐ Estate ☐ Church ☐ Other | SSN or TIN: | Date of Birth: | |
|---|---|---|---|---|
| Address (if foreign, enter entire address here): | | City: | State: | ZIP: |
| Relationship to Participant: | | Percent to Segregate: <br> % (100% if sole beneficiary) | | |

## Beneficiary #4

| Name: | ☐ Individual ☐ Minor ☐ Trust ☐ Estate ☐ Church ☐ Other | SSN or TIN: | Date of Birth: | |
|---|---|---|---|---|
| Address (if foreign, enter entire address here): | | City: | State: | ZIP: |
| Relationship to Participant: | | Percent to Segregate: <br> % (100% if sole beneficiary) | | |

## Special Instructions

## Authorization

The plan administrator has verified that the individuals listed on this form are the correct beneficiaries for the deceased participant. The plan administrator hereby directs Wells Fargo to segregate and distribute the deceased participant's account as set forth above.

Signature type:

☐ Hand-written (below)

☒ Electronically by email (in the email, clearly indicate that Wells Fargo is directed to follow the instructions in the attached Beneficiary Setup form)

| Plan Administrator Name (please print): | Plan Administrator Signature: | Date: |
|---|---|---|
| | | |

Please send completed form and copy of death certificate to your client account manager.

# Your Retirement Savings Statement
## Veolia Water Retirement Savings Plan



04/01/2014 to 06/30/2014
Page 1 of 12

 SANDRA DAWS
9140 DAYTON OXFORD RD
FRANKLIN OH 45005

## ACCOUNT SUMMARY

Your vested balance is based on your account balance, years of credited service with your employer and the Plan's vesting schedule. Detailed information about your account can be found in the activity section.

| | |
|---|---|
| Balance on 04/01/2014 | $185,395.43 |
| Reductions | |
| - Asset Fee | -$68.50 |
| **Total Reductions** | **-$68.50** |
| Dividends & Interest | $1,420.68 |
| Gain/Loss | $4,346.59 |
| **Balance on 06/30/2014** | **$191,094.20** |
| Net Change in Market Value | $5,698.77 |
| Account Personal Rate of Return | 3.07% |
| **Vested Account Balance** | **$191,094.20** |

### Summer Issue of Retirement Focus

No matter your age, now is the time to prepare for your financial future. Check out the latest issue and make sure you're taking the right steps toward achieving your savings goals:
http://campaign.wellsfargoretirement.com/retirementfocus.

To receive a personalized version of Retirement Focus in your inbox, sign on to your retirement plan account and select Delivery Preferences from the My Settings link at the top of the page. Provide your email address and select mail delivery for retirement planning resources.

## ACCOUNT INFORMATION

Your personal information may affect other areas reported on the statement. Please review and call 1-800-728-3123 so that we may correct any errors in our records.

| | |
|---|---|
| Date of Birth: | 67 |
| Separation Date: | 08/30/2013 |

## VESTING INFORMATION

Vested balance is the amount that is already yours based on the amount of time you have been working for this employer, as defined in the vesting schedule of your plan. Any difference between your account balance and your vested balance will be forfeited in the event that you leave your employer before you are fully vested.

| | Balance on 06/30/2014 | Vested Percentage | Vested Balance |
|---|---|---|---|
| Pre-Tax | $160,802.97 | 100% | $160,802.97 |
| ER Match/Contrib 3 Yr Graded | $30,291.23 | 100% | $30,291.23 |
| **Total** | **$191,094.20** | | **$191,094.20** |



PLAINTIFF'S
EXHIBIT

D

04/01/2014 to 06/30/2014
Page 2 of 12

## ASSET ALLOCATION

|  |  |  | Share Price | Shares | Market Value |
|---|---|---|---|---|---|
| *Your account is 100% invested in Target Maturity.* | 100% | **Target Maturity**<br>Wells Fargo Advantage DJ Target 2020 R6 | $15.740 | 12,140.673 | **$191,094.20**<br>$191,094.20 |
|  |  | **Total Assets** |  |  | **$191,094.20** |

*Rebalancing your investments has never been easier with the automatic rebalancing feature! Your investment portfolio is automatically rebalanced according to your investment elections and rebalancing schedule. To rebalance, visit wellsfargo.com and log onto your account. Select the "Actions and Investments" tab at the top of the menu, then the "Change Investments and Elections" option, then the "Rebalance Account Automatically". Review your Rebalance Frequency (quarterly) and click "Submit". You can also call the Retirement Service Center at 1-800-728-3123 and speak with a representative between the hours of 6:00 a.m. - 10:00 p.m. Central Time any business day.*

## FUTURE INVESTMENTS

|  | All Contribution Sources |
|---|---|
| **Target Maturity**<br>Wells Fargo Advantage DJ Target 2020 R6 | 100%<br>100% |
| **Total** | 100% |

*Review your future investment allocations periodically to determine if they are on target with your long-term objectives. If you would like to adjust your allocations, please go online to www.wellsfargo.com for more information.*

## ACTIVITY SUMMARY BY INVESTMENT

|  | Balance on 04/01/2014 | Additions | Reductions | Transfers | Gain/Loss | Balance on 06/30/2014 |
|---|---|---|---|---|---|---|
| **Target Maturity** |  |  |  |  |  |  |
| Wells Fargo Advantage DJ Target 2020 R6 | $185,395.43 | $1,420.68 | -$68.50 | $0.00 | $4,346.59 | $191,094.20 |
| **Total Target Maturity** | $185,395.43 | $1,420.68 | -$68.50 | $0.00 | $4,346.59 | $191,094.20 |
| **Total Assets** | $185,395.43 | $1,420.68 | -$68.50 | $0.00 | $4,346.59 | $191,094.20 |

*Your activity summary allows you to see all transactions and investment activity in your account for the quarter. Detailed Activity by Investment is available at www.wellsfargo.com.*



SANDRA DAWS                    6068570
219,990



04/01/2014 to 06/30/2014
Page 3 of 12

## ADDITIONAL FEE INFORMATION

The table below summarizes additional fees that may be charged to your account. Fees actually charged to your account will be shown on the Account Summary section of the statement.

| Fee Paid By | Fee | Fee Amount | Fee Category | Allocation Method/Frequency |
|---|---|---|---|---|
| Participant | Lump Sum | $25.00 | Distribution/Withdrawal Fee | Each |
| Participant | New Loan Fee | $50.00 | Loan Fee | Each |
| Participant | SDA Product Fee | $30.00 | SDA Product Fee | Quarterly |
| Plan | QDRO Processing - Participant | $500.00 | Recordkeeping Fee | Per Participant/Each |

The fees noted above are paid to service providers for plan administration, such as loan processing, legal, accounting, and recordkeeping services. These fees may vary each year based on different factors. Your employer has discretion to pay plan administration expenses from its own assets or from the plan's assets, and may change its decision on how such expenses are paid at any time. Other fees, such as a fee for a new service, may apply. Fees that are charged to your account or to your account directly will be shown on your quarterly statement. Some of the plan's administrative expenses for the preceding quarter may have been paid from the total annual operating expenses of one or more of the plan's designated investment alternatives.

Fees paid by participants also include any shareholder type fees noted in the investment chart.

## INVESTMENT PERFORMANCE AND OPERATING EXPENSES

The table below contains information about the investment options available in your plan. You can see how these investments have performed over time and compare them with an appropriate benchmark for the same time periods.

This table also shows:

· Total annual operating expenses (expenses that reduce the rate of return of an investment)
· Shareholder-type fees (these are in addition to total annual operating expenses)
· Investment limitations/restrictions

You can make changes to your investment options at www.wellsfargo.com, or you can call the Retirement Service Center (RSC) at 1-800-728-3123 and speak to a representative 7 a.m. to 11 p.m. Eastern Time.

In addition to your core retirement plan options, your plan offers a self-directed account that allows you to establish a brokerage account within your retirement plan. This option allows you to purchase individual securities. To set up an account, sign on to your retirement plan website.

The cumulative effect of fees and expenses can substantially reduce the growth of your retirement savings. Visit the Department of Labor's website for an example showing the long-term effect of fees and expenses at http://www.dol.gov/ebsa/publications/401k_employee.html. Fees and expenses are only one of many factors to consider when you decide to invest in an option. You may also want to think about whether an investment in a particular option, along with your other investments, will help you achieve your financial goals.

| | 3 Months | Year to Date | 1 Year | 3 Years | 5 Years |
|---|---|---|---|---|---|
| Your Personal Rate of Return | 3.07% | n/a | n/a | n/a | n/a |

SANDRA DAWS                            6068570
OXE1T12E 023569 193143131901 NNNNN NNNNN NN NNNNN NNNNN NNN 000002
219,991

04/01/2014 to 06/30/2014
Page 4 of 12

## INVESTMENT PERFORMANCE AND OPERATING EXPENSES (continued)

| Fund name *Benchmark* | Performance (as of 06/30/2014) | | | | Total Annual Expenses | |
|---|---|---|---|---|---|---|
| | 3 Months | 1 Year | 5 Years | 10 Yrs/Since Inception* | Gross Percentage / per $1,000 | Net Percentage / per $1,000** |
| **Money Market/Stable** | | | | | | |
| Wells Fargo Stable Return Fund N35 | 0.27% | 1.10% | 1.93% | 3.03% | 0.69% / $6.92 | 0.69% / $6.92 |
| *Citi Treasury Bill 3 Mon USD* | 0.01% | 0.04% | 0.08% | 1.54% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
The Fund requires participants to invest in a non-competing fund for at least 90 days before transferring to a competing fund option.

| **Bond** | | | | | | |
|---|---|---|---|---|---|---|
| PIMCO Total Return/Adm | 2.31% | 4.62% | 6.12% | 6.11% | 0.71% / $7.10 | 0.71% / $7.10 |
| *Barclays US Agg Bond TR USD* | 2.04% | 4.37% | 4.85% | 4.93% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.

| **Balanced/LifeStyle** | | | | | | |
|---|---|---|---|---|---|---|
| Invesco Equity and Income Fund A | 3.63% | 17.60% | 14.86% | 7.72% | 0.80% / $8.00 | 0.79% / $7.90 |
| *Morningstar Aggressive Target Risk* | 4.72% | 22.79% | 16.37% | 8.58% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

| **Target Maturity** | | | | | | |
|---|---|---|---|---|---|---|
| Wells Fargo Advantage DJ Target Today R6 | 2.36% | 7.40% | 5.98% | 4.85% | 0.53% / $5.30 | 0.30% / $3.00 |
| *DJ Target Today TR USD* | 2.41% | 7.71% | 6.48% | 5.38% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

| Wells Fargo Advantage DJ Target 2010 R6 | 2.54% | 8.45% | 7.04% | 5.04% | 0.53% / $5.30 | 0.32% / $3.20 |
|---|---|---|---|---|---|---|
| *DJ Target 2010 TR USD* | 2.68% | 8.87% | 7.57% | 5.79% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

(continued)

SANDRA DAWS
219,992

6058570



04/01/2014 to 06/30/2014
Page 5 of 12

## INVESTMENT PERFORMANCE AND OPERATING EXPENSES

(continued)

| Fund name Benchmark | Performance (as of 06/30/2014) | | | | Total Annual Expenses | |
|---|---|---|---|---|---|---|
| | 3 Months | 1 Year | 5 Years | 10 Yrs/Since Inception* | Gross Percentage / per $1,000 | Net Percentage / per $1,000** |
| Wells Fargo Advantage DJ Target 2020 R6 | 3.11% | 12.19% | 9.84% | 5.85% | 0.50% / $5.00 | 0.35% / $3.50 |
| DJ Target 2020 TR USD | 3.26% | 12.66% | 10.36% | 6.80% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

| | | | | | | |
|---|---|---|---|---|---|---|
| Wells Fargo Advantage DJ Target 2030 R6 | 3.84% | 16.98% | 13.09% | 6.65% | 0.50% / $5.00 | 0.36% / $3.60 |
| DJ Target 2030 TR USD | 3.95% | 17.42% | 13.61% | 7.90% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

| | | | | | | |
|---|---|---|---|---|---|---|
| Wells Fargo Advantage DJ Target 2040 R6 | 4.35% | 20.60% | 15.25% | 7.36% | 0.51% / $5.10 | 0.37% / $3.70 |
| DJ Target 2040 TR USD | 4.47% | 20.98% | 15.73% | 8.51% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

| | | | | | | |
|---|---|---|---|---|---|---|
| Wells Fargo Advantage DJ Target 2050 R6 | 4.55% | 21.72% | 15.67% | 5.29%* | 0.53% / $5.30 | 0.37% / $3.70 |
| DJ Target 2050 TR USD | 4.63% | 21.97% | 16.15% | 5.52% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

| Domestic Stock | | | | | | |
|---|---|---|---|---|---|---|
| Dreyfus Structured Midcap (I) | 4.71% | 26.96% | 22.37% | 9.81% | 1.26% / $12.60 | 1.00% / $10.00 |
| Russell Mid Cap TR USD | 4.97% | 26.85% | 22.07% | 10.43% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.

| | | | | | | |
|---|---|---|---|---|---|---|
| Goldman Sachs Smcap Inst | 3.78% | 26.84% | 22.56% | 10.42% | 1.02% / $10.20 | 0.98% / $9.80 |
| Russell 2000 Value TR USD | 2.38% | 22.54% | 19.88% | 8.24% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.

(continued)

SANDRA DAWS                    6068570
OXE1T12E 023569 193143131901 NNNNN NNNNN NN NNNNN NNNNN NNN 000003
219,993

04/01/2014 to 06/30/2014
Page 6 of 12

## INVESTMENT PERFORMANCE AND OPERATING EXPENSES (continued)

| Fund name *Benchmark* | Performance (as of 06/30/2014) | | | | Total Annual Expenses | |
|---|---|---|---|---|---|---|
| | | | | | Gross Percentage / per $1,000 | Net Percentage / per $1,000** |
| | 3 Months | 1 Year | 5 Years | 10 Yrs/Since Inception* | | |
| Hartford Small Company Hls IA | 3.75% | 26.85% | 20.81% | 10.51% | 0.71% / $7.10 | 0.71% / $7.10 |
| *Russell 2000 Growth TR USD* | 1.72% | 24.73% | 20.50% | 9.04% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.

| | | | | | | |
|---|---|---|---|---|---|---|
| Mainstay Large Cap Growth I | 4.58% | 27.10% | 17.87% | 10.00%* | 0.77% / $7.70 | 0.77% / $7.70 |
| *Russell 1000 Growth TR USD* | 5.13% | 26.92% | 19.24% | 9.09% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.

| | | | | | | |
|---|---|---|---|---|---|---|
| MFS Value Fund R4 | 3.43% | 22.06% | 16.96% | 8.24%* | 0.68% / $6.80 | 0.67% / $6.70 |
| *Russell 1000 Value TR USD* | 5.10% | 23.81% | 19.23% | 7.40% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $15000.00 or more OUT of this fund prohibit you from transferring $15000.00 or more INTO this fund for 30 calendar day(s).

| | | | | | | |
|---|---|---|---|---|---|---|
| WF/ BlackRock S&P 500 Index CIT N5 | 5.21% | 24.52% | 18.86% | 7.83% | 0.09% / $0.90 | 0.09% / $0.90 |
| *S&P 500 TR USD* | 5.23% | 24.61% | 18.83% | 7.76% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.

| International Stock | | | | | | |
|---|---|---|---|---|---|---|
| American Funds Euro Gr R4 | 2.85% | 21.92% | 11.60% | 8.78% | 0.84% / $8.40 | 0.84% / $8.40 |
| *MSCI ACWI Ex USA NR USD* | 5.03% | 21.75% | 11.11% | 7.75% | | |

Standard Asset Fees: 14.00 bps for fund market value of $0.00 and greater.
Transfers of $5000.00 or more OUT of this fund prohibit you from transferring $5000.00 or more INTO this fund for 30 calendar day(s).

| Other | | | | | | |
|---|---|---|---|---|---|---|
| Self Directed Brokerage Invest Fund | n/a | n/a | n/a | n/a | n/a / n/a | n/a / n/a |

No transfers allowed for money type group, All Contribution Sources, containing money type(s), Pretax,QNEC Match,QNEC,ER MATCH,PROFIT SHARE,ER MATCH W/D,ER MATCH 1,DIRECT ER,ROLLOVER,AFTER-TAX,CATCH-UP.

| | | | | | | |
|---|---|---|---|---|---|---|
| Self Directed Brokerage Invested Account | n/a | n/a | n/a | n/a | n/a / n/a | n/a / n/a |

No transfers allowed for money type group, All Contribution Sources, containing money type(s), Pretax,QNEC Match,QNEC,ER MATCH,PROFIT SHARE,ER MATCH W/D,ER MATCH 1,DIRECT ER,ROLLOVER,AFTER-TAX,CATCH-UP.
The Fund requires participants to invest in a non-competing fund for at least 90 days before transferring to a competing fund option.

(continued)



SANDRA DAWS        6068570

219,994



## INVESTMENT PERFORMANCE AND OPERATING EXPENSES

(continued)

| Fund name | Performance (as of 06/30/2014) | | | | Total Annual Expenses | |
| Benchmark | 3 Months | 1 Year | 5 Years | 10 Yrs/Since Inception* | Gross Percentage / per $1,000 | Net Percentage / per $1,000** |
|---|---|---|---|---|---|---|
| Self Directed Brokerage Liquid Account | n/a | n/a | n/a | n/a | n/a / n/a | n/a / n/a |

The Fund requires participants to invest in a non-competing fund for at least 90 days before transferring to a competing fund option.

| | | | | | | |
|---|---|---|---|---|---|---|
| Self Directed Brokerage Money Mkt Fund | n/a | n/a | n/a | n/a | n/a / n/a | n/a / n/a |

No transfers allowed for money type group, All Contribution Sources, containing money type(s), Pretax,QNEC Match,QNEC,ER MATCH,PROFIT SHARE,ER MATCH W/D,ER MATCH 1,DIRECT ER,ROLLOVER,AFTER-TAX,CATCH-UP.

Highlight indicates funds in which you are invested.

The performance of your account may be different from the average annual return for the same investments. The timing of transactions in your account will have an impact, either positive or negative on your account return. Past performance is no guarantee of future results.

An index is a composite of securities that provide a performance benchmark for other funds and is not illustrative of fund performance. Indexes are unmanaged, do not incur management fees, costs and expenses and cannot be invested directly. Information is obtained from reliable sources, but is not guaranteed as to completeness or accuracy.

*Returns are since inception for funds that are less than ten years old.

Figures quoted represent past performance, which is no guarantee of future results. Investment return and principal value and yields of an investment will fluctuate so that an investor's shares, when redeemed, may be worth more or less than their original cost. Current performance may be lower due to market volatility. These returns include reinvestment of dividends and capital gains. Government bonds are not insured or guaranteed by the U.S. Government.

**Investment options that show a net percentage lower than the gross percentage under total annual expenses have certain fee waivers in effect which reduce the expenses for that investment option. Net expenses per $1,000 presume (but do not guarantee) that the fee waiver is in effect for the one-year period. For more information about any fee waiver, including its duration, see the investment option's prospectus or similar disclosure document. Any amounts that may have been rebated back to the plan from an investment option's total annual operating expenses are not taken into account in the net percentages or net expenses per $1,000.

Unless noted in the investment chart above, a plan fiduciary is responsible for voting, tender, and other similar rights for the plan's designated investment options.

Please visit www.wellsfargo.com for more information about the investments in your plan, including the most up-to-date investment performance and annual expense information. For a free copy of this information, or for further information, contact the Retirement Service Center (RSC) at 1-800-728-3123 or write to Institutional Retirement and Trust, D1116-055, 1525 West WT Harris Boulevard, Charlotte, NC 28262. In addition, a glossary of investment related terms is available on the website to help you better understand your investment options.

Fund information contained herein (including performance information) is obtained from reliable sources including © Morningstar and/or mutual fund companies, but is not guaranteed as to accuracy, completeness and timeliness. Provider shall not be liable for any errors in content or for any actions taken in reliance thereon. Certain funds listed may impose redemption fees on shares that are transferred or exchanged out of the applicable fund before the applicable minimum holding period. An investor should consider the funds' investment objectives, risks, charges and expenses carefully before investing or sending money. This and other important information about the investment company can be found in the fund prospectus. To obtain a copy of the prospectus, please contact the fund company or call a Retirement Service Representative. Please read the prospectus carefully before investing.

All Rights Reserved for Morningstar, Inc. data. The information contained herein: (1) is proprietary to Morningstar and/or its content providers; (2) may not be copied or distributed; and (3) is not warranted to be accurate, complete or timely. Neither Morningstar nor its content providers are responsible for any damages or losses arising from any use of this information.

NOT FDIC INSURED - NO BANK GUARANTEE - MAY LOSE VALUE

## Information from Wells Fargo Institutional Retirement and Trust

**Notice of Importance of Diversification**
To help achieve long-term retirement security, you should give careful consideration to the benefits of a well-balanced and diversified investment portfolio. Spreading your assets among different types of investments can help you achieve a favorable rate of return while minimizing your overall risk of losing money. This is because market or other economic conditions that cause one category of assets, or one particular security, to perform very well often cause another asset category, or another particular security, to perform poorly. If you invest more than 20 percent of your retirement savings in any one company or industry, your savings may not be properly diversified. Although diversification is not a guarantee against loss, it is an effective strategy to help you manage investment risk.

In deciding how to invest your retirement savings, you should take into account all of your assets, including any retirement savings outside of the Plan. No single approach is right for everyone because, among other factors, individuals have different financial goals, different time horizons for meeting their goals, and different tolerances for risk.

Along with proper diversification, it is important to periodically review your investment portfolio, your investment objectives and the investment options under the Plan to help ensure that your retirement savings meet your retirement goals.

For more information on individual investing and diversification, visit the Department of Labor's website here: dol.gov/ebsa/investing.html

## CUSTOMER SERVICE

| If you want to: | Contact or go to: |
|---|---|
| **For Access & Changes To Your Account** <br><br> • View your statement and inserts online <br> • Access current account balances <br> • Change your contribution amount <br> • Transfer between investments <br> • Rollover retirement assets from your previous job into your current plan at work <br> • Change how future contributions will be allocated | www.wellsfargo.com <br> Anytime <br><br> **or** <br><br> Retirement Service Representatives <br> **1-800-728-3123** <br> 7 a.m. to 11 p.m. Eastern Time <br><br> **or** <br><br> Automated Voice Response System <br> Anytime |
| **Education & Research Tools** <br><br> • View Investment Prospectuses <br> • View Glossary of Terms | www.wellsfargo.com <br> Anytime |

*For questions on this statement: Call 1-800-728-3123*
*Please review your statement carefully and report any incorrect information immediately.*



SANDRA DAWS

219,996

6068570

# The Wells Fargo® Self-Directed Brokerage Account (SDA)



The Wells Fargo Self-Directed Brokerage Account (SDA), offered through Wells Fargo Advisors, is designed for knowledgeable investors who would like to expand their range of investment options beyond the choices designated in their retirement plan.

## What is an SDA?

An SDA is a separate brokerage account offered through Wells Fargo Advisors. If you establish an SDA, you will have two retirement accounts: your core retirement account and your SDA.[1] The SDA differs from your core retirement account in that it allows you to buy and sell most publicly traded investments instead of only the designated investment alternatives that are available for your core retirement account. You can transfer money between the accounts. Each account will have a unique user name and password.

## Establishing an SDA

Minimum initial investment: $1,000

1. **Call the Wells Fargo Retirement Service Center:** Representatives are available Monday through Friday from 7:00 a.m. to 11:00 p.m. Eastern Time to answer any questions. If you would like to open an SDA, you will then be connected with a Wells Fargo Advisors brokerage representative who will open your account.

2. **Watch for your welcome packet:** If you decide to open an SDA, Wells Fargo Advisors will send you an SDA "welcome packet" that will contain additional information, including a fee schedule and a Participant Acknowledgement/Agreement.

3. **Return the signed Acknowledgement/Agreement:** Sign the form and return it to Wells Fargo in the postage paid envelope.[2]

## Costs involved in investing in an SDA

• **SDA account fee:** An SDA account fee may be charged to maintain an SDA. Please see the additional fee information chart for further information.

• **Fees and commissions:** Investing in an SDA typically involves fees and commissions for brokerage transactions. For complete details, please see the following SDA Commissions and Fees Schedule.[3] The fee schedule will also be included in the welcome packet that you will receive if you decide to open an SDA.

## Transferring money to and from your SDA

After you establish your SDA, you can transfer money between your core retirement account and SDA at any time.

• You can transfer up to 100% of your core account into your SDA via the Wells Fargo website or by contacting the Retirement Service Center.

## Managing your SDA

After you transfer money into your SDA, you can manage your account on wellsfargo.com or by contacting Wells Fargo Advisors at 1-800-211-8743. You will have access to your account 24 hours a day, 7 days a week. Orders to buy or sell securities will be executed during normal New York Stock Exchange hours. The market may close early on holidays or for unforeseen circumstances.

[1] Your core retirement account refers to the portion of the retirement plan that includes the designated investment options offered by the plan. The term is used in contrast to your SDA or brokerage account.

[2] The signed Acknowledgement/Agreement must be received by Wells Fargo within 21 business days of opening your account or your account will be restricted.

[3] Before purchasing or selling any securities in your SDA, you should talk to Wells Fargo Advisors about any fees associated with the purchase or sale of those securities. Depending on the investments selected, certain fees, such as loads or 12b-1 fees, may apply and be charged against your account. Please contact Wells Fargo Advisors at 1-800-211-8743 for more information about these types of fees, or to view the investment's current prospectus.

1406ALL_WFSDAINTRO

**Cash sweep:** When you transfer money from your core retirement account to your SDA, it will be automatically invested in the SDA cash sweep investment (short-term liquid investment).

- You can direct money from your SDA cash sweep investment into other investments the day after you transfer money from your core retirement account.
- If you would like to transfer money back to your core account, you'll need to have sufficient funds in your SDA cash sweep investment for the transfer to take place.

**Non-permitted securities:** There are limitations for the types of securities in which you can invest in your SDA. In general, these include non-publicly traded securities and the following types of mutual funds:

- Any mutual fund sponsored by Wells Fargo & Company and/or your employer
- Institutional share classes of mutual funds
- Mutual funds in which Wells Fargo Advisors does not have a selling agreement
- Proprietary mutual funds that are not offered by outside broker/dealers

### Keeping track of your SDA balance on the Wells Fargo website

| If you want to: | Sign on to your retirement account and: |
|---|---|
| Transfer money to your SDA | Choose the **Actions & Investments** tab from the top navigation and select **Change Investments and Elections.** |
| View your SDA balance | Choose the **My Account** tab from the top navigation and select **Account Balances.** |
| Access your SDA to select investments | Sign on at **wellsfargo.com** and choose your SDA account under Investment Accounts on the Account Summary page. |

Please contact the Retirement Service Center for more information or if you have questions.



If the fund array in your retirement plan includes a stable value fund, please be aware that transferring money directly from a stable value fund to an SDA may not be permitted due to "equity wash" rules which restrict transfers to competing (similar) investments, such as the SDA cash sweep investment. In this case, you will first need to redirect balances from the stable value fund to a different, noncompeting investment in your core account. After 90 days, you can then transfer money from the non-competing investment to your SDA. There are no restrictions when transferring balances from a non-competing investment in your core account directly to an SDA.

Recordkeeping, trustee, and/or custody services are provided by Wells Fargo Institutional Retirement and Trust, a separate business unit of Wells Fargo Bank, N.A. This information and any information provided by employees and representatives of Wells Fargo Bank, N.A. and its affiliates is intended to constitute investment education under applicable law and does not constitute investment, financial, tax, or legal advice. Please contact an investment, financial, tax, or legal advisor regarding your specific needs and situation.

Wells Fargo Advisors, LLC (member SIPC) is a registered broker-dealer and separate non-bank affiliate of Wells Fargo & Company.

**Investment and insurance products**

**NOT FDIC INSURED · NO BANK GUARANTEE · MAY LOSE VALUE**

© 2014 Wells Fargo Bank, N.A. All rights reserved. G21871 6-14

1406ALL_WFSDAINTRO



219,998

# Self-Directed Brokerage Account (SDA)
# Commissions and Fees Schedule



### Effective August 1, 2013

The information below outlines the commissions and fees for brokerage transactions in your SDA. Call an investment professional at Wells Fargo Advisors at 1-800-211-8713 with any questions.

### Stocks and Exchange-Traded Funds (ETFs)

| | PMA Package - accounts with a PMA[1] before 4/1/13 | PMA Package (current) - accounts with a PMA[1] on or after 4/1/13 | Standard |
|---|---|---|---|
| Online/Automated Telephone Trading | 100 commission-free trades per year; $8.95 thereafter[2] | $6.95[1,2] | $8.95[1] |
| Agent-assisted trading | | $25 + Online trading commission | |

### Penny Stocks (stocks priced less than ($1.00/share)

| | | | |
|---|---|---|---|
| Online/Automated Telephone Trading | Greater of $24.95 or 2.5% of principal | Greater of $34.95 or 3.5% of principal | Greater of $34.95 or 3.5% of principal |
| Agent-assisted trading | | $25 + Online trading commission | |

### Mutual Funds
No-load transaction fee funds[5]

| | | |
|---|---|---|
| Online Trading | 100 commission-free trades per year; $8.95 thereafter[2] | $35 | $35 |
| Agent-assisted trading | | $25 + Online trading commission | |

No-load no-transaction fee (NTF) funds

Certain no-load mutual funds are available without paying a transaction fee to Wells Fargo Advisors. Mutual funds available without transaction fees may change at any time without notice. Therefore, any mutual funds purchased without a transaction fee may be subject to a transaction fee for subsequent purchases or upon liquidation.

**Load funds**

Sales charges apply as described in a fund's prospectus. Other fees and expenses apply to a continued investment in mutual funds and are described in a fund's current prospectus.

*Wells Fargo Advisors, LLC receives remuneration for providing certain record keeping or shareholder services for some mutual fund families.*

### Fixed Income

Auction of Treasury Bills, Notes and bonds          $50 per transaction

*All other transactions are subject to markup or markdown.*

### Qualification[3] for discounted pricing with a Wells Fargo® PMA® Package

SDA Brokerage account with a Wells Fargo PMA Package. *PMA Package:* This singular term is used to describe Wells Fargo Bank's premium relationship package that consists of a PMA checking account with Wells Fargo Bank, N.A. (a Wells Fargo & Company bank affiliate) and other qualifying accounts such as a Wells Fargo Advisors brokerage account.

The PMA Package is free of the $30 monthly service fee for each month that one of the requirements in statement-ending combined balance is met: $25,000 or more in qualifying linked bank deposit accounts (checking, savings, time accounts (CDs), FDIC-insured IRAs), or $50,000 or more in any combination of qualifying linked banking, certain brokerage accounts (available through Wells Fargo Advisors, LLC, excluding SDA) and credit balances (including 10% of mortgage balances, certain mortgages not eligible). Deposit products, including PMA Premier Checking account, offered by Wells Fargo Bank, N.A. Member FDIC.

### Fees
*These fees are effective March 1, 2013*

| | |
|---|---|
| Outgoing Account Transfer Fee[7] | $95 per account transferred |
| Account Research or Document Retrieval | $15 per hour; $5 per document (minimum of one hour) |
| Wire Transfer - Outgoing | $25 |
| Physical Certificate Issuance/Procurement[8] for Safekeeping | $500 per security (minimum) |
| Foreign Securities Transaction Fee (in addition to applicable commissions or other charges) | $75 per trade |
| Rejection of Ineligible Physical Certificates Presented for Deposit | $75 per certificate |
| Overnight/Express Mail | $15 each |
| Outside Investments[9] | $250 per position annual charge |

### Account Minimums

Minimum account opening balance is $1,000. Systematic Mutual Fund Purchase or Withdrawal Plan investment minimum is $100 (buy or sell) or fund company minimum if greater. Investment in a systematic purchase or withdrawal plan does not assure a profit and does not protect against loss in a declining market.

1. *SDA Brokerage Account with a Wells Fargo® PMA® Package*

2. *Discounted commission rate applies for the first 100 trades in each 12-month period beginning when a new commission status was assigned; after the 100th trade the rate will be $8.95 per trade. Trades included are: Online and automated telephone trading of stocks (excluding penny stocks, exchange-traded funds and online trading of transactions fee mutual funds. If the PMA Package relationship is terminated, the special commission rate for trades will discontinue and revert to the standard commission rate applicable at the time of the change.*

3. *Qualification for discounted pricing in an SDA brokerage account with a Wells Fargo PMA Package. $6.95 per trade applicable to commissions for online and automated telephone trading of stocks (excluding penny stocks and exchange-traded funds (ETFs)). If the PMA Package relationship is terminated, the special commission rate for trades will discontinue and revert to the standard commission rate applicable at the time of the change.*

4. *Each order will be treated as a separate transaction. An order that executes in multiple lots during a single trading day will be charged one commission. An order that executes over multiple trading days may be subject to additional commissions.*

5. *Transaction fee applies per transaction (buy or sell).*

6. *Criteria are applied in the following fashion: accounts are reviewed periodically for qualification. Your commission rate may change anytime as a result of these reviews. All commission rates apply from the date of status assignment and are not applied retroactively.*

7. *Excludes money movements between your SDA and core retirement accounts.*

8. *Excludes GNMAs and limited partnerships.*

9. *Fee applies to any asset for which Wells Fargo Advisors, LLC/First Clearing, LLC does not hold a selling agreement but has met the requirements to be displayed on the client statement. Applies to certain investments displayed on both standard brokerage and IRA statements.*

---

### Investment and Insurance Products:

| Not Insured by FDIC or any Federal Government Agency | May Lose Value | Not a Deposit of or Guaranteed by a Bank or any Bank Affiliate |
|---|---|---|

Self-Directed Brokerage Accounts (SDAs) are offered through Wells Fargo Advisors, LLC (Member SIPC), a registered broker-dealer and separate non-bank affiliate of Wells Fargo & Company

591270 (Rev 05 - 08/2013)

Page 1 of 1

1404ALL_WFSTDSDAFEE

## RUPPERT, BRONSON & RUPPERT CO., L.P.A.

### Attorneys at Law

1063 East Second Street, P.O. Box 369
Franklin, Ohio 45005

James D. Ruppert
Barbara J. Bronson
Rupert E. Ruppert
Ronald W. Ruppert
Rachel M. Ruppert

Telephone: (937) 746-2832
Facsimile: (937) 746-2855

E-MAIL: rbr@ruppertlaw.com

September 5, 2013

Nathan Little
Attorney at Law
1081 N. University Blvd.
Suite B
Middletown, Ohio  45042

RE:   ESTATE OF ANGEL GUZMAN

Dear Mr. Little:

It was nice speaking with you regarding the Estate of Angel Guzman.  I will be representing Sandra K. Daws with regard to issues that she was handling prior to Mr. Guzman's death.

As I told you by phone, Mr. Guzman's primary asset was his 401(K) Plan which we believe has approximately $175,000 in same.  He did not have a designated beneficiary on it and was not on good terms with either of his sisters. Therefore, he made Sandra his designated beneficiary on said account.  There had been no beneficiary prior to the time that he named Sandra Daws.  Although she is the beneficiary on the 401(K) Plan, it was executed during the period of time when she was Power of Attorney.  He was in the hospital at the time and although his mind was good and we believe that he was more than competent, she was handling his affairs as Power of Attorney and that would be a conflict and a potential breach of fiduciary duties.  Sandra has authorized me to advise you that she will sign whatever documents are necessary to pay the 401(K) plan into his estate.

I have in my office his checkbook as well as the keys to his apartment. Please ask your client, Maria Taylor, to stop by my office to pick up the checkbook, his wallet, Fifth Third Bank credit card, his driver's license and various other cards, and the keys to his apartment.

**PLAINTIFF'S EXHIBIT**
*E*

The van is with the sister, Rosie, and she has the only set of keys for the van.

Sandra Daws will not interfere in any way with regard to funeral arrangements or any other matters involving his estate and I presume you will be representing his surviving sisters with respect to same.

Should you have any questions, please feel free to contact me.

Sincerely,

Rupert E. Ruppert

RER:afw